IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EVOUNA J. BURCHFIELD                                                                    PLAINTIFF

      v.      Civil No. 13-2029

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                           DEFENDANT

## MEMORANDUM OPINION

  Plaintiff, Evouna Burchfield, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

  Plaintiff protectively filed for disability insurance benefits (DIB) under Title II of the Act on June 3, 2010, alleging an onset date of May 16, 2010, due to tremors, joint aches and muscle tension, fatigue, depression, anxiety, and panic attacks. Tr. 108-111, 133, 148-150, 182-183. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 63-71. An administrative hearing was held on August 9, 2011. Tr. 30-62. Plaintiff was present and represented by counsel.

  At the time of the hearing, Plaintiff was 49 years old and possessed the equivalent of a high school education. Tr. 34, 134. She had past relevant work ("PRW") experience as a

classroom instructor, client service specialist, housekeeper, and production assembler. Tr. 35-41, 134, 140.

On October 17, 2011, the ALJ found Plaintiff's obesity disorder not otherwise specified and personality disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 19-21. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to perform work where interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct, and concrete. Tr. 21. He the concluded that Plaintiff could return to her PRW as a hospital housekeeper or production assembler. Tr. 25.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 6, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 12, 13.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-

(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure the decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001).

The record makes clear that Plaintiff suffers from panic disorder, anxiety disorder, and personality disorder. Ms. West, Plaintiff's treating therapist at Vista Health, diagnosed her with severe anxiety and panic attacks that were worsening, essential tremor, and hypertension. Plaintiff was prescribed both Celexa and Xanax. Tr. 273. Essential tremor is a nervous condition that causes rhythmic shaking. Mayo Foundation for Medical Education and Research, *Essential Tremor*, http://www.mayoclinic.org/diseases-conditions/essential-tremor/basics/definition/con-20034509 (last accessed January 8, 2014). And, based on Ms. West's notes documenting Plaintiff's overly emotional state, it seems clear to the undersigned that her tremors were related to her mental impairments.

This interpretation is bolstered by the fact that Dr. Kathleen Kralik also diagnosed Plaintiff with rule out conversion disorder with mixed presentation. Conversion disorder is a somatic symptom disorder requiring evidence of one of more symptoms of altered voluntary motor or sensory function that causes significant distress or impairment in social, occupational,

AO72A
(Rev. 8/82)

or other areas of function and warrants medical evaluation; evidence of incompatibility between the symptom and recognized neurological or medical conditions; and, the absence of another medical condition or mental disorder to better explain the symptom or deficit. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 5, 318 (5th ed. 2013). However, the record does not contain an RFC assessment from an examining psychological source, definitively diagnosing Plaintiff with essential tremor vs. conversion disorder. And, while we do note that Marie Pham-Russell, a nurse practitioner for Dr. Stephanie Frisbie, did not document any evidence of essential tremor at the time of Plaintiff's physical exam, she did diagnose her with essential tremor. This leads the undersigned to conclude that further development of the record is necessary. On remand, the ALJ is directed to obtain an RFC assessment from an examining psychologist, as well as Plaintiff's treating therapist Ms. West, to obtain definitive information concerning Plaintiff's diagnoses and their impact on her ability to perform work-related activities..

**IV.   Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of January 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE